**Anne NELSON, Petitioner-Appellant,**

v.

**Michael NELSON, Respondent-Respondent.**

**No. 43541.**

Missouri Court of Appeals, Eastern District, Division Three.

June 29, 1982.

Preston E. Roskin, Clayton, for petitioner-appellant.

John D. French, St. Ann, for respondent-respondent.

## MEMORANDUM OPINION

KELLY, Chief Judge.

Anne Nelson appeals from a judgment of the Circuit Court of the County of St. Charles dissolving her marriage with Michael Nelson, awarding custody of the minor children of the marriage to her and affecting a division of marital property. On appeal she presents a single issue for review, i.e. whether the trial court erred in finding that certain shares of stock and a first mortgage bond were marital property. She contends that these shares of stock and the first mortgage bond, although acquired by her during the marriage with Michael Nelson, were non-marital property in that it was individually acquired by her in the form of a gift from her father and therefore within the exemption provided in § 452.330.2(1) RSMo.1978, or, in the alternative, were the sole property of her father and therefore not subject to division as marital property.

The scope of review in this bench tried case is that provided for under Rule 73.01 and the judgment of the trial court must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976); *C. B. H. v. R. N. H.*, 571 S.W.2d 449, 452[1] (Mo.App.1978).

At trial appellant testified that these stocks and the bond were "acquired since the date of the marriage." From this testimony we conclude that a presumption was raised that these securities were marital property pursuant to § 452.330.3 RSMo. 1978. The burden of overcoming this presumption then shifted to appellant, and from the evidence in the transcript we cannot hold that the trial court erred in finding that she had not overcome the presumption that these securities were marital property as dictated by § 452.330.3 RSMo.1978.

An opinion would have no precedential value. The affirmance of this judgment is in compliance with Rule 84.16.

Judgment affirmed.[1]

REINHARD, P. J., and SNYDER, J., concur.

1. Appellant filed a post-trial motion, "Motion to Set Aside Part of the Decree of Dissolution,"

moving that the trial court set aside that portion of its decree holding these securities to be marital property and attached thereto an affidavit of appellant's father wherein it is alleged that these stocks were given by the affiant to his daughter over a number of years and when he had these certificates issued in her name it was his intention that she should have the income therefrom but that it was not his intention that she should have control of those stocks. Appellant does not claim that this is

"newly discovered evidence" nor is there anywhere in the record any request for a continuance for the purpose of obtaining the testimony of this affiant at trial. Under these circumstances the contents of this affidavit in support of appellant's after-trial motion cannot be considered in reviewing the question whether evidence adduced at trial supported the decree and judgment, because clearly the contents of the affidavit were not before the trial court until after it had entered its decree.